# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MAURICIO WILSON, # 31507-044**  **PETITIONER**

**versus**  **CIVIL ACTION NO. 5:09cv105-DCB-MTP**

**BRUCE PEARSON, Warden**  **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Mauricio Wilson for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

### Background

On July 7, 2004, Wilson was arrested in Randolph County, Missouri, for charges of Operating a Vehicle on the Highway without a Valid License, Case No. 04CR177876, and for Assault in the First Degree, Case No. 04CR177000. *See* Ex. 1 to Answer [12], Declaration of Kinda Flagg at ¶ 7. On July 26, 2004, per NCIC[1] theses charges were dismissed. *Id.*

On September 1, 2004, Wilson was arrested for two counts of Sexual Misconduct with a Child in the First Degree (committed on August 8, 2004), Case No. 04CR2177251-02, in Randolph County, Missouri. *Id.* at ¶ 8. At the time of his arrest he was also charged with Operating a Motor Vehicle on Highway While Drivers License/Privileges Were Revoked and Failing to Display Plates on a Motor Vehicle. *Id.* On October 19, 2004, Wilson was sentenced in Randolph County, Missouri, to an aggregated 12-day term of imprisonment for the latter two charges, Case No. 04CR177533. *Id.* at ¶ 9; Ex. 5 to Answer [12-2]. On October 26, 2004,

---

[1]Presumably the National Crime Information Center.

Wilson was released to the Howard County Sheriff's Department. *Id.* On November 5, 2004, Wilson was sentenced in the 14th Judicial Circuit Court of Howard County, Missouri, Case No. 04CR177251-02, to a two-year term of imprisonment for the two counts of sexual misconduct involving a child, referenced above. Ex 1 to Answer [12-2] at ¶ 9; Ex. 7 to Answer [12-3].

On December 16, 2004, pursuant to a writ of habeas corpus *ad prosequendum*, Wilson appeared in the U.S. District Court for the Eastern District of Missouri for an initial appearance in Case No. 4:04CR617. *See* Ex. 1 to Answer [12] at ¶ 10. On May 13, 2005, Wilson was sentenced to a 63-month term of imprisonment for Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).[2] *Id.*; Ex. 3 to Answer [12-2]. The federal sentence was ordered to run consecutive to the state sentence. *Id.* On May 19, 2005, Wilson was returned to Missouri authorities upon satisfaction of the writ. Ex. 1 to Answer [12-2] at ¶ 10; Ex. 8 to Answer [12-3].

On August 31, 2006, Wilson was released from the Missouri Department of Corrections, and his federal sentence commenced. Ex. 1 to Answer [12-2] at ¶ 11; Ex. 9 to Answer [12-3]. Wilson is currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), and is projected for release on March 8, 2011.[3]

In the instant Petition, filed on June 25, 2009, Wilson alleges that he is being denied approximately 24 months of jail credits for time served.[4] Specifically, he claims his federal sentence began on May 4, 2004, and not August 31, 2006, and he should receive credit against his

---

[2] Wilson committed the offense on May 4, 2004. Ex. 1 to Answer [12-2] at ¶ 7.

[3] *See* Ex. 2 to Answer [12-2].

[4] Wilson also argues he was denied effective assistance of counsel during the sentencing for his federal crime. *See* Memo. [2]. As this claim relates to alleged errors that occurred in the sentencing court and not to the manner in which his sentence is being executed, a Section 2241 petition is not the proper avenue to pursue this claim. *See Truesdale v. Menifee*, 243 F. App'x 827, 828 (5th Cir. 2007); *Payne v. Pearson*, No. 5:10-cv-117-DCB-MTP, 2010 WL 3199834, at *1-*3 (S.D. Miss. Aug. 12, 2010). Moreover, Wilson has failed to allege, much less establish that the savings clause of Section 2255 should apply. *Id.*

2

federal sentence for this time period. In the alternative, Wilson asks the court to "amend the Judgment *nunc pro tunc* the months concurrent." *See* Memo. [2] at 4.

Analysis

Respondent contends that the instant petition should be denied because Wilson is not entitled to credit against both his state and federal sentences under 18 U.S.C. § 3585(b).

Wilson's sentence computation is governed by Bureau of Prisons ("BOP") Program Statement 5880.28, Sentence Computation Manual (CCA of 1984).[5] The Program Statement references 18 U.S.C. § 3585, which establishes the rule for the commencement of a federal sentence and credit for a prior sentence, and which provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for Prior Custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence**.

18 U.S.C. § 3585 (emphasis added).

Wilson's federal sentence commenced on August 31, 2006, when he was released from Missouri state custody to federal custody to begin his federal sentence.[6] Wilson claims that his federal sentence should commence on May 4, 2004, the date he committed his federal offense and the date he claims he was arrested for his federal crime. While the records reflect that Wilson did

---

[5]*See* Flagg Decl., Ex. 1 to Answer [12-2], and Ex. 10 to Answer [12-3].

[6]*See* Flagg Decl., Ex. 1 to Answer [12-2].

commit the federal crime on May 4, 2004, there is no evidence he was arrested on May 4, 2004 for his federal crime. Indeed, he was not even indicted for the crime until October 28, 2004.[7]

On May 13, 2005, Wilson appeared in federal court and was sentenced on in Case No. 4:04CR617 JCH to a 63-month term of imprisonment for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). However, Wilson was not in exclusive federal custody on the date of his federal sentencing. Rather, he was in Missouri state custody pursuant to his state court convictions,[8] and was brought before the federal court for his initial appearance, plea hearing, and sentencing hearing for his federal charge pursuant to a writ of habeas corpus *ad prosequendum*.[9] *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary."); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983);[10] *see also Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957) ("It is well settled that when a state surrenders a prisoner to the Federal government for the purpose of trial on a Federal charge and upon conviction and sentence in the

---

[7]*See* https://ecf.moed.uscourts.gov/cgi-bin/DktRpt.pl?2101194626162-L_942_0-1.

[8]Wilson was in the primary custody of the State of Missouri serving his two-year sentence for his conviction of two counts of sexual misconduct involving a child, Case No. 04CR177251-02. *See* Exs. 1 and 7 to Answer [12]. Wilson was arrested by state authorities for this charge on September 1, 2004, and was released on August 31, 2006. *See* Exs. 1, 4 and 9 to Answer [12]; *see also United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) ("As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."); *United States v. Gonzalez*, No. S-1 94 CR. 313 (CSH), 1998 WL 691080, at *1 (S.D. N.Y. Sept. 30, 1998) (citing *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir.1991)) (stating "it has long been settled that the 'first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing and incarceration'").

[9]Wilson appeared in the United States District Court for the Eastern District of Missouri for his initial appearance in Case No. 4:04CR617 on or about December 16, 2004, pursuant to a writ of habeas corpus *ad prosequendum*. *See* Ex. 1 to Answer [12], at ¶ 10.

[10]The *Dovalina* decision was based on the now repealed 18 U.S.C. § 3568, which has been replaced by 18 U.S.C. § 3585.

4

Federal court, the Federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, without the prisoner having been received at a Federal penal institution for service of his Federal sentence, the Federal sentence does not begin to run until such time as the prisoner is returned to Federal custody and received at the Federal penal institution for service of his Federal sentence."); *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005) ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign."); *Aguilar v. Peterson*, No. 04-6376, 2006 WL 497719, at *1 (10th Cir. Mar. 2, 2006) (holding that because petitioner was not returned to federal custody to begin serving his federal sentence until September 1, 1998, his federal sentence did not begin to run until that date and the BOP appropriately denied him credit for the time he served in Texas state prison on his state court conviction).

The Supreme Court has explained that when Congress enacted 18 U.S.C. § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Horn v. Tamez*, No. 4:06-CV-566-Y, 2007 WL 1702198, at *2 n.4 (N.D. Tex. June 12, 2007) (stating that "§3585(b) precludes a prisoner from receiving double credit for time served in state custody, and hence [petitioner] could not receive credit against his federal sentence where he has already received credit against his state sentence") (citing *Wilson*, 503 U.S. at 332-33; *Dovalina*, 711 F.2d at 740; *Radcliffe v. Clark*, 451 F.2d 250, 251-52 (5th Cir. 1971); *Pennant v. United States*, 31 F. App'x 832, 2002 WL 180341, at *1 (5th Cir. Jan. 3, 2002)). In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time

5

spent serving another sentence regardless of whether the sentence is federal, state or foreign."[11]

The record reflects that Wilson was incarcerated on his Missouri state sentences from September 1, 2004, when he was arrested by state authorities, until August 31, 2006, when he was released by the state. Wilson received credit against his state sentence for the time he was held on the state charges and for the time he was "borrowed" under federal writ, from the time period September 1, 2004 to August 31, 2006. Exs. 1, 9 to Answer [12]. Because Wilson did not receive credit against his state sentence for the time spent in state custody from July 7, 2004, through July 26, 2004, Wilson received credit for this time against his federal sentence. *See* Exs. 1 and 2 to Answer [12]. Accordingly, Wilson is not entitled to any additional credit against his federal sentence for any time prior to August 31, 2006, when his federal sentence commenced. *See Howard v. United States*, 420 F.2d 478, 480 (5th Cir. 1970) (holding that because petitioner "was at all times in custody of the State of Louisiana and appeared in federal court for arraignment and sentencing under authority of federal writs of habeas corpus ad prosequendum ... he [was] not entitled to have this time credited toward his federal sentence"); *Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971).[12]

Wilson also seeks a *nunc pro tunc* designation.[13] Memo. [2] at 4; Response [6] at 1. "The decision whether to designate a facility as a place of federal detention [pursuant to 18 U.S.C. § 3621(b)] 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal

---

[11]*See* http://www.bop.gov/DataSource/execute/dsPolicyLoc, Program Statement 5880.28 at p. 1-17.

[12]The *Howard* and *Chaplin* decisions were based on the now repealed 18 U.S.C. § 3568, which has been replaced by 18 U.S.C. § 3585.

[13]Wilson does not give any explanation for his alternative argument, but apparently requests that his federal sentence be calculated to run concurrent to his state sentence, beginning on or about September 1, 2004.

prison policy.'" *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005) (citing *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)); *see also Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (stating that 18 U.S.C. § 3621(b) "'provides the BOP with broad discretion to choose the location of an inmate's imprisonment,' so long as the factors enumerated in the statute are considered") (citation omitted).

In *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990), the court held that the BOP has "broad discretion" in reviewing requests for *nunc pro tunc* designation. The court held that the BOP was required to *review and consider* a prisoner's request for *nunc pro tunc* designation under the appropriate factors set forth under Section 3621(b),[14] and must act to either grant or deny the request. *Barden*, 921 F.2d at 478-84.

BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, provides that when an inmate requests a *nunc pro tunc* designation to the state institution, and a concurrent designation may be appropriate, the BOP reviews the request in light of the factors set out in the Program Statement and 18 U.S.C. §3621(b).[15] However, such a designation "shall be made only when it is consistent with the intent of the sentencing Federal

---

[14]The appropriate factors to consider under Section 3621(b) are:

    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence--
        (A) concerning the purposes for which the sentence to imprisonment was
        determined to be warranted; or
        (B) recommending a type of penal or correctional facility as appropriate;
        and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

[15]*See* http://www.bop.gov/DataSource/execute/dsPolicyLoc; *see also* footnote 14, *supra*.

court, or with the goals of the criminal justice system."[16]

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original) (citing 18 U.S.C. § 3584(a))[17], *reh'g denied* (Jul. 31, 2003). Moreover, Judge Jean Hamilton specifically ordered that Wilson's federal sentence run consecutively to his Missouri state sentence, Case No. 04CR217725102. *See* Ex. 3 to Answer [12-2].

The record reflects that the BOP reviewed Wilson's request for *nunc pro tunc* designation under the relevant factors set out in 18 U.S.C. § 3621(b), and in accordance with Program Statement 5160.05 and *Barden*, and determined that his case was not appropriate for a *nunc pro tunc* designation.[18] The BOP has given "full and fair consideration" to Wilson's request, which is all that it is required to do. *See McCarthy v. Doe*, 146 F.3d 118, 122 (2d Cir. 1998); Program Statement 5160.05 at 6 (stating that although the BOP must consider an inmate's request for *nunc pro tunc* designation under *Barden*, there is no obligation for the BOP to grant the request).[19] Thus, Wilson is not entitled to habeas relief.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this Court that Wilson's Petition for a Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

---

[16]*See* http://www.bop.gov/DataSource/execute/dsPolicyLoc, BOP Program Statement 5160.05.

[17]"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

[18]*See* Ex. D1 to Response [4] at 14.

[19]*See* http://www.bop.gov/DataSource/execute/dsPolicyLoc.

8

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 8th day of September, 2010.

                                        s/Michael T. Parker
                                        United States Magistrate Judge